SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

H. H. (SHASHI) KEWALRAMANI (TXSBN 796879)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   Email: shashi.kewalramani@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00396 WDB |
| Plaintiff, | ) | |
| v. | ) | PLEA AGREEMENT |
| ARMANDO ESTRADA, | ) | |
|   a/k/a Richard Rick Beltran, | ) | |
|   a/k/a Richard Ricky Beltran, | ) | |
| Defendant. | ) | |

     I, Armando Estrada, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

<u>The Defendant's Promises</u>

     1.    I agree to plead guilty to the sole count of the captioned superseding information charging me with knowingly possessing an identification document of the United States that was stolen, in violation of 18 U.S.C. §1028(a)(6). I agree that the elements of the offense and the maximum penalties are as follows: (1) the defendant knowingly possessed an identification document or authentication feature of the United States; (2) the identification document or

PLEA AGREEMENT
CR 07-00396 WDB

1  authentication feature of the United States was stolen or produced without lawful authority; and
2  (3) the defendant knew that the identification document or authentication feature of the United
3  States was stolen or produced without lawful authority,

4      a.    Maximum prison sentence    1 year
5      b.    Maximum fine    $100,000
6      c.    Maximum supervised release term    1 year
7      d.    Mandatory special assessment    $25
8      e.    Deportation

9      2.    I agree that I am guilty of the offense to which I will plead guilty, and I agree that
10 the following facts are true:
11     On or about February 23, 1999, I knowingly possessed an identification document of the
12 United States, namely, a Social Security card in the name of Richard Rick Beltran, where the last
13 four digits of the Social Security number were 2388.  I knew that the Social Security card was
14 stolen.
15     3.    I agree to give up all rights that I would have if I chose to proceed to trial,
16 including the rights to a jury trial with the assistance of an attorney; to confront and cross-
17 examine government witnesses; to remain silent or testify; to move to suppress evidence or raise
18 any other Fourth or Fifth Amendment claims; to any further discovery from the government and
19 to future DNA testing of physical evidence in the government's possession; and to pursue any
20 affirmative defenses and present evidence.
21     4.    I agree to give up my right to appeal my conviction, the judgment, and orders of
22 the Court.  I also agree to waive any right I may have to appeal any aspect of my sentence,
23 including any orders relating to forfeiture and/or restitution.
24     5.    I agree not to file any collateral attack on my conviction or sentence, including a
25 petition under 28 U.S.C. §2255, at any time in the future after I am sentenced, except for a claim
26 that my constitutional right to the effective assistance of counsel was violated
27     6.    I agree not to ask the Court to withdraw my guilty plea at any time after it is
28 entered.

7. I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. I agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

        a. Base Offense Level, U.S.S.G. § 2L2.2(a)        8

        b. Acceptance of responsibility:        -2
           (If I meet the requirements of U.S.S.G. § 3E1.1)

        c. Adjusted offense level        6

I agree that a sentence within the applicable Guideline range is reasonable and that I will not seek a sentence below the applicable Guideline range. I agree that, regardless of any other provision in this agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offense or the sentencing decision. I also agree that the Court is not bound by the Sentencing Guidelines calculations above, the Court may conclude that a higher guideline range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea.

8. I agree that the court may order and I will pay restitution. I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); intentionally provide false information to the Court, the Probation Office,

PLEA AGREEMENT
CR 07-00396 WDB        3

Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this agreement, including those set forth in paragraphs 12 through 14 below, but I will not be released from my guilty plea.

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12. The government agrees to move to dismiss any open charges pending against the defendant in the captioned information at the time of sentencing.

13. The government agrees not to file or seek any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned information.

14. The government agrees to recommend the Guidelines calculations set out above as well as the joint sentencing recommendation set out below in paragraph 15.

Joint Sentencing Recommendation

15. The parties agree to jointly recommend the following sentence:

   a. Two years probation, and

   b. Payment of the special assessment fee of $25. I agree that I will pay this to the Clerk of Court on the day I am sentenced.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that

PLEA AGREEMENT
CR 07-00396 WDB                                  4

have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial.  I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Dated: _____                           _____
                                             ARMANDO ESTRADA,
                                             Defendant

                        _____  _____
                                             SCOTT N. SCHOOLS
                                             United States Attorney

Dated: _____                           _____
                                             H. H. (SHASHI) KEWALRAMANI
                                             Assistant United States Attorney

    I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: _____                           _____
                                             JOYCE LEAVITT
                                             Attorney for Defendant

PLEA AGREEMENT
CR 07-00396 WDB                              5